STATE *ex rel.* GANZHORN, *Appellant* v. CARR.

**City Ordinance**, WHEN NOT A LAW WITHOUT THE MAYOR'S SIGNATURE. When the charter of a city provides that " every ordinance, before it shall become a law, must be      *      *      * presented to the mayor for his approval; if he approves the bill, he shall sign it; if not, he shall return it with his objections to the city council,      *   *   * but, if any bill shall not be returned by the mayor within ten days      *   * after it shall have been presented to him for his approbation, the same shall become a law in the same manner as if he had approved and signed it;" *Held*, that when, after such presentation of a bill to the mayor, the council adjourns, *sine die*, before the ten days expire, and before the mayor signs the bill, it does not become a law; that, otherwise, it would be in the power of the council by such adjournment to nullify the charter and dispense with the concurrence of the mayor.

*Appeal from St. Louis Court of Appeals.*

The case is reported in 1 Mo. App. 490.

*Owens & Wood* with *H. B. Lighthizer* for appellant.

The charter distinctly declares, and in most positive terms, that the ordinance must be returned by the mayor within the ten days, or it shall become a law in the same manner as if he had approved and signed it; hence, if the council be not in session during the whole ten days, to avail himself of his qualified privilege of veto, he must return it before the adjournment, and within ten days, or it becomes a law independent of his action. 1 Story's Com. on Const. § 891.

*Leverett Bell* for respondent.

The time specified by the charter, during which the mayor may retain an ordinance, is for his deliberation and consideration thereof, and the council cannot, within that period, deprive him of that right by adjourning the session *sine die*. Curtis' History of Const. Vol. 2, p. 57; *Fowler v. Pierce*, 2 Cal. 172; *People v. Hatch*, 19 Ill. 283.

Hough, J.—On the 22nd day of March, 1870, an ordinance was passed by the city council of the city of St. Louis, directing the auditor of said city to draw his warrant upon the treasurer thereof, in favor of the relator for the sum of $5108.91. This ordinance was signed by the president of the council, and forwarded to the mayor for his approval, but was neither approved by the mayor nor returned by him to the council, that body having adjourned *sine die* within ten days after the passage of said ordinance. The object of the present proceeding is to compel the auditor to draw a warrant in conformity with the provisions of said ordinance. The judgment of the circuit court was adverse to the claim of the relator, and that judgment was affirmed by the Court of Appeals.

The question presented for our determination is, whether the ordinance directing the warrant to be drawn in favor of the relator, ever became a law. The provision of the city charter bearing upon this question, is as follows: "Every ordinance, before it shall become a law, must be signed by the president of the city council, and presented to the mayor for his approval; if he approves the bill, he shall sign it, if not, he shall return it, with his objections, to the city council, which objections shall be entered at large upon the journal, and the bill shall be reconsidered; after such reconsideration, the yeas and nays shall be called, and recorded, and if two-thirds of all members elected to the city council shall vote for the bill, it shall become a law; but if any bill shall not be returned by the mayor, within ten days (Sundays excepted), after it shall have been presented to him for his approbation, the same shall become a law in the same manner as if he had approved and signed it." It was the manifest purpose of this provision that the mayor should have ten days in which to return to the council a bill which he did not approve; and the only contingency in which a bill not approved by him, and not passed over his veto, could become a law, was, where he

had omitted, not for two days, nor for five days, nor until the adjournment of the council, but for the period of ten days, to return the same. Now, when the council adjourns without day, before the ten days allowed by the charter have expired, how can it be said that the mayor has omitted for the period of ten days to return the bill? The council may render it impossible for the mayor to return a bill at all. They might adjourn immediately after its presentation to the mayor, and before he could possibly consider it. Would it be pretended in such a case, that the bill would become a law? Such a construction would put it in the power of the council to nullify the charter and dispense with the concurrence of the mayor in all cases. We should experience no hesitancy whatever in announcing the rule above stated as the correct one, but for the remarks of Judge Story, in his commentaries, on a corresponding provision in the constitution of the United States, speaking of the veto power. He says: "The constitution, therefore, has wisely provided that if any bill shall not be returned by the president within ten days, (Sundays excepted,) after it shall have been presented to him, it shall be a law, in like manner as if he had signed it. But if this clause stood alone, Congress might, in like manner, defeat the due exercise of his qualified negative by a termination of the session, which would render it impossible for the president to return the bill. It is therefore added, ' unless the Congress by their adjournment, prevent its return, in which case it shall not be a law.'" As was remarked by the judge who delivered the opinion of Court of Appeals in this case, if the question before Judge Story had been a practical one, the foregoing observations would be entitled to the very gravest consideration. But, having been expressed upon a hypothetical case, though they may fitly illustrate the wisdom of the convention which framed the constitution, they cannot be regarded as an authoritative exposition of the law on the point now if under consideration. Indeed we very much doubt whether

Judge Story had been called upon to judicially determine the question here presented, he would not have held that the concluding sentence of the constitutional provision referred to, was added by the framers of that instrument out of abundant caution, and in order to remove all occasion for cavil or dispute as to the right of the executive to participate in the enactment of all laws, and not because it was deemed essential to confer that right. We are entirely satisfied with the conclusion reached. by the Court of Appeals, and also with the reasoning by which that conclusion is supported, and its judgment will therefore be affirmed. The other judges concur.

AFFIRMED.